Helena Smogorzewski, Appellant, *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Lawrence L. Kinter,* with him *McNelis, Lucht & Kinter,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Wilkinson, April 15, 1975

The facts in this unemployment compensation case are essentially the same as the facts in *Kownacki et al. v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 309, 335 A.2d 868 (1975), handed down herewith, with one significant difference—here, in addition to all the claims asserted by the claimants in the companion cases indicated above, claimant-appellant asserts that the Board of Review erred in finding she was notified by the employer of the job positions available. We disagree and affirm the Board.

Claimant-appellant, a woman who was at the time 45 years of age, weighed 125 pounds and had worked for her last employer for seven years. Under the identical circumstances of the companion cases, other than with regard to notice of the availability of work, the Bureau of Employment Security found in favor of claimant-appellant. The referee reversed the Bureau, found claimant-appellant to be ineligible, and denied the claim. On appeal, the Board of Review designated a hearing officer to take additional testimony. With the benefit of the additional testimony, the Board of Review affirmed the referree.

The opinion in the companion cases is controlling here, but we must, in addition, dispose of the claim that the referee's finding No. 4, adopted by the Board, was not supported by the record:

"4. Either by way of vacancies or the assertion of seniority continuing work was also available to the claimant in utility job classifications of cutter, sheet finishing, and in the embossing-rewinding department, the claimant having been advised of the work available by the employer's letter of September 11, 1973."

Clearly the record does support this finding.

First, in the statement of claimant filed on October 1, 1973, she stated she was offered the job of semi-truck driver. Noted on the face of the Summary of Interview on October 15, 1973, claimant-appellant added:

"Yes, I agree I was offered these jobs and am physically unable to do them. Was offered cutter utility, sheet finishing utility and utility in embossing and rewinding dept."

Next, when she testified before the referee, she stated:

"Q. Now at that time or prior to your last day did you have an opportunity to bump into some other job assignment by virtue of your seniority or was other work offered to you?

"A. I was given the option of bumping into the junior man in my division.

"Q. What job did he hold?

"A. A semi-truck driver's job.

"Q. By semi-truck you mean what type of vehicle, an over-the-road semi-truck, is that what you are talking about?

"A. Yes.

"Q. And you say you would have had sufficient seniority to bump into that job?

"A. Yes, sir.

"Q. Now were you qualified to perform that type of work?

"A. No, sir. I was not.

"Q. Do I correctly assume that you did not bump to that job opening?

"A. Yes, sir.

"Q. Now did the employer at or immediately before the time of your separation offer you any other type of work?

"A. In this letter I received I was offered—

"Q. Are you speaking now of the employer's letter of September 11th?

"A. Yes, sir. I was offered the opportunity of going into utilities.

"Q. And what particular jobs in the utilities classification were available to you, if you know?

"A. Utilities in the finishing, Utilities in the emboss-ing, and Utilities in the wood room.

"Q. And you did receive the letter of September 11th?

"A. Yes. I did.

"Q. With respect to those job opportunities which were allegedly available did you indicate your willingness to accept any of those positions?

"A. No, sir.

"Q. Did you refuse or what did you do?

"A. I felt I was physically unable to do those jobs.

"Q. After getting the employer's letter of September 11th did you give any response?

"A. No, because in the letter he said he would be in contact with me on or before September 15 and he never got in touch with me.

"Q. Did you on the other hand indicate to the employer at any time your desires with respect to these utility jobs which were allegedly available?

"A. No."

Based alone on these two excerpts of claimant-appellant's statements, the Board was entirely justified in finding that the offer was made and understood by claimant-appellant.

On the basis of the reasoning and authorities cited in the companion cases handed down herewith, supplemented by the above identification of the basis in the record for finding that these job opportunities were offered claimant-appellant, we enter the following

ORDER

Now, April 15, 1975, the decision and order of the Unemployment Compensation Board of Review, dated May 29, 1974, affirming the decision of the referee, which denied the claim of Helena Smogorzewski, is affirmed.